IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

**FILED**
JAN 26 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Stacey S. Williams,
Plaintiff

-vs-

Northeast Ohio Educational Service Center,
Defendant(s)

CASE NO. 1:21 CV 216

JUDGE JUDGE POLSTER

COMPLAINT

(See Exhibit A (1-4))

Stacey Williams                                             Case No.

1824 Wymore

East Cleveland Ohio 44112

**(Plaintiff)**

      VS

Northeast Ohio Educational Service Center

6393 Oak Tree Boulevard

Independence OH 44131

**(Defendant)**

Steve Roganski (Educational Service Center)

**Director of Human Resources & Pupil Services**

Claudia Stebal (Educational Service Center)

**Human Resource specialist**

Complaint

    a. Employment Discrimination 42 U.S.C 2000e et. Seq.
    b. Fair Chance Act (violation)
    c. Violation of the EEOC policy statement on the issue of conviction records under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C 2000e et seq. (1982) (2/4/87)

    I. Violation of the Ban the Box Laws with sealed records. **This federal law states, If the record has been sealed the employee may answer questions about it, but can't be discriminated against in hiring or continued employment on the basis of an erased criminal record.** Mr. Roganski terminated me on August 30 2019 after my BCI record check game back and he saw that I had a record that was sealed.

    II. These are the events took place on August 30 2019.

- I was called into Mr. Holmes Office (Principal at Ginn Academy) at 1050am.

He told me he had to let me go. He said "he had a directive from CMSD." He also stated "he asked if I could finish the day out, and they replied I had to leave the premises at once." Mr. Holmes also stated that he told human resources that "he thought my record was expunged."

- I called Human Resources at 11:25am no answer.

My contacts there were Ms. Cummings and Precious James

- I called the Human Resource specialist at 1:25pm and asked her "what's going on."

She replied I would have to speak with the Human Resource Director.

- I called the Human Resource Director at 1:27pm and I asked him "what was going on."

He replied that he saw my expungement papers that I had passed to them at my contract signing and my background check. He still terminated me and called CMSD to have me removed from the school. He said "he noticed that my offense has been over sometime but it was illegal to employ me in a school setting," I replied "Even if the record is expunged" He replied "yes even if the record is expunged." "I said thank you for the opportunity."

- On September 3, 2019 I received my termination from the Educational Service Center, upon extensive research into each Ohio Administrative Code, I find that the Educational Center acted discriminatory and negligently by using these codes to determine my termination.

**O.A.C. 3319-39** gives the Education Center permission to do a background check on me.

"I did not contest the Educational Center completing a background check on me. I signed all documents expressly giving my consent to the Educational Center to complete a background on me. Referencing O.A.C. 3319-39 is redundant because I had already given consent to the Educational Center to complete one."

**O.A.C 3301-20-03** was also used discriminatory, negligently and unlawfully in determining my termination.

"Under **O.A.C. 3301-20-03** paragraph 1, the rule establishes offenses for which employment and a determination of rehabilitation of a non-licensed individual for a position within a school are expressly forbidden and sets forth conditions under which a determination of Rehabilitation Is Possible.

This code specifically states that these are the set forth condition under rehabilitation is possible. I have determined that the Education Center did not adhere to those set forth conditions in determining my termination.

Paragraph 2 the policy proceeds to list in section (**A**) detailed definitions of those conditions. Section (**A**) is arranged in two parts, (**1-6**) & (**a-g**). Section (**A**) (**1-6**) List who this code applies to. & Section (**A**) (**a-g**) List the offenses specifically. I had read both sections extensively and find that no parts of the conditions listed include my situation, in fact it explicitly excludes me.

The Education Center Claims that **O.A.C. 3301-20-03 (A) (6)** includes my situation, but in fact it does not.

**O.A.C 3301-20-03** (6) Non rehabilitative offense means a criminal offense that would prohibit a district from hiring you or continuing employment of such and individual, are the following:

(a) Sexually oriented offense, (b) Child related offense, (c) Violent offenses (d) Other violence-related offenses

**Section (e) Drug offenses. This is my non-rehabilitative offense 2925.03(trafficking drugs) But the section clearly states "Drug offenses which mean a violation of the following sections that occurred either within ten years prior to the date of the current application.**

My BCI background check that was done on me August 20, 2019, by the Education Center clearly shows that the offense was expunged and also the offense occurred 23 years prior to the current application. I have had no new criminal convictions of any kind since the one listed on my expunged record 23 years ago. Therefore, no parts of the code can be used for a termination for my situation. The Education Center acted discriminatory and unlawfully when using this code to determine my termination.

**O.A.C 3301-20-01** This code cover employment of individuals in positions that require a license and licensure of individuals with certain criminal convictions or other alternative dispositions.

The purpose of this policy is to ensure the safety and well beings of students, and, pursuant to sections 3319.39 and 3319.31 of revised code, establish rehabilitation standards for those individuals with certain criminal convictions and other alternative dispositions seeking employment with a district for a position that requires a license issued by state board of education **those currently employed by a district in a position that requires a license issued by the state board of education, and those seeking or currently holding licensure by the state board of education. The provisions if this rule apply to teachers, substitutes, educational aides, holders of pupil activity supervisor permits, and any other position which requires a license issued by the state board of education.**

This explicitly states that the code O.A.C. 3301-20-01 should only be used when determining the employment of individuals in positions that require a license. The position that I was employed at was a non-licensed position but still used this code to terminate me anyway. When they knew the code didn't apply to me.

The Education Center is also attempting to use "Absolute Bar" as justification of my termination. However, Absolute Bar offenses are only listed under O.A.C. 3301-20-01, which means they only apply to individuals seeking employment that require a license. Therefore, because the position I was hired to do didn't require a license, "Absolute Bars" don't apply to me. It was unlawful for the education Center to use it to determine my termination.

III. Claudia Stebal Human Resource Specialist

(the person I gave the expungement papers at the signing of the contract)

Ms. Cummings and Precious James

(CMSD contacts given to me by MR Holmes)

Steve Roganski

(Human Resource Director.)

IV. Educational Service Center 6393 Oak Tree Boulevard Independence Ohio 44131

Ginn Academy 662 East 162nd Cleveland Ohio 44110

V. Working at Ginn Academy wasn't just a job it was a calling, I was Coach Ginn's first student that he mentored in 1985, so for me to be assisting the man that saved my life, was celestial. When the Educational Center fired me, they took away my destiny, my life, my kids. I understand their pain, I was them growing up, so I know how to reach them, to help them save their lives. I was living proof that you can come from nothing, make mistakes and still get your life on track. When you have been through the fire, you can tell the kids how it really feels to be burn. I know I made mistakes when I was younger, but who hasn't, However, for 23 years I bust my butt to stay out of trouble, educated myself, and raised my family. I'm not a bad person, all I want to do is, help the kids that no one wants to deal with and make them a better person like I am.

VI. When I lost my employment unexpectedly, it caused grave financial and mental strain on me. For three months I had to receive mental treatment at the Veterans Administration hospital, I had a suv that I had to use to start ubering to try and supplement my income. It was destroyed within a year, transmission shot, two fuel pumps, and host of other repairs. I would like to receive compensation from the time I signed my first contract to present date, I would to be re- employed at Ginn Academy. I would like to be compensated for my mental strain. I would like to be compensated for my vehicle that was destroyed.

*Stacy S. Williams*
1-26-21