**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STACEY S. WILLIAMS,** | ) | **CASE NO. 1:21 CV 216** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF OPINION AND ORDER** |
| **NORTHEAST OHIO EDUCATIONAL SERVICE CENTER, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Stacey S. Williams filed this action against the Northeast Ohio Educational Service Center, Director of Human Resources & Pupil Services Steve Roganski, and Human Resource Specialist Claudia Stebal. In the Complaint (Doc. # 1), Plaintiff indicates he was dismissed from his non-license job at Ginn Academy when his employer learned he had a prior conviction for drug trafficking. Plaintiff maintains that it is an old conviction which is exempt under Ohio statutes and regulations that prohibit convicted drug traffickers from working in schools. He asserts claims under Title VII, 42 U.S.C. § 2000e, the Fair Chance Act, and Ban the Box laws. He seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. #2). That Application is granted.

## I. BACKGROUND

Plaintiff alleges that he was briefly employed at Ginn Academy, a school in the Cleveland Municipal School District. He states that on August 30, 2019, he was called to the office of Mr. Holmes, the principal at Ginn Academy. Holmes indicated he had received a directive from the school district through Roganski to terminate Plaintiff's employment after his background check revealed that he had an expunged conviction for drug trafficking under Ohio Revised Code § 2925.03.

The school district indicated it was acting pursuant to Ohio Revised Code §3319.39, which provides in relevant part:

> (B)(1)...no board of education of a school district, no governing board of an educational service center, and no governing authority of a chartered nonpublic school shall employ a person if the person previously has been convicted of or pleaded guilty to any of the following:
>
> (a) A violation of section...2925.03.

Ohio Administrative Code § 3301-20-03(C) supports this statute and clarifies:

> (C) A district shall release an employee from employment upon learning that he/she has been convicted of an absolute bar offense.

Subsection (A)(6) of Ohio Administrative Code § 3301-20-03 lists the absolute bar offenses, and expressly includes drug trafficking under Ohio Revised Code § 2925.03:

> "Absolute bar offense" means any offense in violation of division (B)(1), (2), (3), or (4) of section 2919.22 of the Revised Code; [or] a violation of section ... 2925.03...

Plaintiff contends his conviction was expunged. His background check indicated he had a sealed record. Plaintiff contends he supplied the school district with his expungement papers

when he was hired. He claims he contacted the Human Resources Director who informed him that the district was required by statute to terminate his employment, even if the conviction was expunged.

Plaintiff does not provide much information about his legal claims. He states he is bringing a claim under Title VII for discrimination but offers no other information about this cause of action. He claims he is bringing claims under the Fair Chance Act, and the Ban the Box laws. The Fair Chance to Compete for Jobs Act of 2019 (the Fair Chance Act), HR 1076, prohibits federal agencies and federal contractors from requesting criminal background information from job applicants prior to extending an offer, with a few exceptions. It goes into effect on December 20, 2021. Ban the Box laws are similar and thus far have been enacted at the state and local level. He does not explain either of these claims. He seeks unspecified compensatory damages.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998)

## III. ANALYSIS

Plaintiff fails to identify a federal claim upon which relief may be granted. He cites Title VII as a cause of action. Title VII prohibits discrimination in employment on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). It does not prevent discrimination on the basis of prior criminal record. The Fair Chance Act does not go into effect until December 2021 and when it does, it is applicable to federal contractors, not local school districts. Ban the Box laws are similar to the Fair Chance Act; however, there is no generally applicable federal law. They have been enacted in various states and municipalities. They do not provide a basis for federal court jurisdiction over this action.

## IV. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #2) is granted

and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

/s/Dan Aaron Polster 6/2/21
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.